IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL NASH, *et al.*,          *

    Plaintiffs,              *

vs.                              *
                             CASE NO. 4:18-CV-73 (CDL)
HOWARD LEASING, INC. and         *
DAWLFORD WAYNE ALLEN,
                               *

    Defendants.
                               *

O R D E R

Pending before the Court is Defendants' motion to exclude the expert testimony of Trooper Harold Davis of the Alabama Law Enforcement Agency (ECF No. 55). The motion is granted in part and denied in part to the extent set forth below.

The Federal Motor Carrier Safety Administration ordered a compliance investigation of Howard Leasing after the bus crash that gave rise to this action. Within a week after the crash, Davis conducted the investigation and prepared a report. Plaintiffs intend to have Davis testify at trial regarding his findings from the investigation. Plaintiffs also intend to have Davis offer an opinion on how often a motor carrier should check its drivers' logs. Defendants argue that this testimony should be excluded because Plaintiffs did not properly disclose Davis as an expert. Defendants also argue that Davis is unqualified to render opinions in this case.

A party must disclose the identity of any witness it may use at trial to present expert opinion evidence. Fed. R. Civ. P. 26(a)(2)(A). Witnesses who are retained or specially employed to provide expert testimony must provide an expert report. Non-retained witnesses like Davis still must be disclosed, but an expert report is not required. Instead, the party seeking to use the witness must disclose the subject matter on which the witness is expected to present expert opinion, as well as a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiffs did not officially disclose Davis as an expert witness, and they did not disclose the subject matter of his testimony or the facts and opinions to which Davis is expected to testify.[1] But Plaintiffs *did* disclose Davis's compliance investigation report during discovery, and the parties had an opportunity to question him about it during his deposition.

---

[1] Plaintiffs assert that they intended to use Davis as a fact witness and to authenticate his report. But because Plaintiffs anticipated that Defendants might view some of Davis's findings as opinion testimony rather than fact testimony, Plaintiffs laid the foundation to qualify Davis as an expert regarding compliance, application and enforcement of the Federal Motor Safety Act.

2

To the extent that Defendants seek to prevent Davis from testifying about his investigation and compliance report, the Court denies that motion. As a safety auditor and compliance investigator who has completed dozens of safety audits and compliance investigations and who conducted the compliance investigation of Howard Leasing for the Federal Motor Carrier Safety Administration, Davis was qualified to conduct the investigation and prepare the report. Plaintiffs disclosed the report during discovery, and Defendants questioned Davis about the report during his deposition. It could hardly be a surprise to Defendants that Plaintiffs intended to call Davis to testify about his compliance investigation and report. Thus, Plaintiffs' alleged failure to fully comply with Rule 26(a) was harmless.

Defendants also argue that Davis should not be permitted to offer an opinion about how often a motor carrier should review its drivers' logs because that opinion was not disclosed until his deposition. During his investigation, Davis explored Howard Leasing's practices on reviewing driver logs. His report addressed several log violations, but his report did not explicitly state an opinion on whether Howard Leasing checked its drivers' logs often enough. At his deposition, knowing that Davis described log violations in his report, Defendants' counsel asked Davis whether Howard Leasing knew about the

3

violations at the time of his investigation given that Howard Leasing reviewed its drivers' logs quarterly. Davis Dep. 196:4-197:5, ECF No. 32. Davis stated that a motor carrier should check the logs "way more often than every quarter." *Id.* 208:16-18. Defendants argue that because they did not know that Davis might offer this opinion, they could not adequately cross-examine him on it during the deposition. Plaintiffs contend that they did not know about this specific opinion until Davis disclosed it during his deposition, so they could not have disclosed it earlier. The Court finds that Defendants had reasonable notice before Davis's deposition that Howard Leasing's practices on reviewing driver logs were an issue in this action. And they were able to explore Davis's opinions on this issue during his deposition. They also have ample opportunity to prepare to address the opinions at trial.[2]

In their motion to exclude Davis's testimony, Defendants also seek to exclude Davis's opinions regarding when a motor carrier should use progressive discipline with its drivers and how a motor carrier may rely on outside sources to understand the applicable rules and regulations. Plaintiffs did not respond to Defendants' motion to exclude these opinions or explain why Davis should be permitted to offer such testimony.

---

[2] Defendants summarily assert that Davis's testimony on this issue is inconsistent with the federal regulations, but the present record does not contain enough information for the Court to decide the issue.

4

The Court thus concludes that Plaintiffs do not intend to elicit such testimony at trial, and Defendants' motion to exclude Davis's testimony on these issues is granted.

In summary, Defendants' motion to exclude Davis is granted in part and denied in part to the extent set forth above. Plaintiffs previously stated that they intend to introduce the edited video deposition of Davis at trial. But at the pretrial conference, the Court emphasized that if Plaintiffs want to use Davis's deposition rather than live testimony at trial, Plaintiffs must prove that Davis is unavailable under applicable law. Plaintiffs have not done so. Accordingly, the Court expects Davis to testify live, which means that Defendants will have an opportunity to cross-examine him. If Plaintiffs still intend to use deposition testimony in lieu of live testimony, they shall file an appropriate motion within seven days. If Plaintiffs prove that Davis is unavailable, the Court will permit a trial deposition of Davis so that Defendants may adequately cross-examine him.

IT IS SO ORDERED, this 22nd day of October, 2019.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
