IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MICHAEL NASH, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * |
| | CASE NO. 4:18-CV-73 (CDL) |
| HOWARD LEASING, INC. and | * |
| DAWLFORD WAYNE ALLEN, | |
| | * |
| Defendants. | |
| | * |

O R D E R

Pending before the Court is Defendants' motion to exclude evidence regarding several Plaintiffs' future medical expenses (ECF No. 62). Plaintiffs do not intend to introduce evidence of future medical expenses for Adam Norman, Kyle Johnson, and Rusty Hafner, so the motion is granted as to those Plaintiffs.

Regarding Spencer Galbraith, Defendants argue that Plaintiffs did not timely disclose the cost estimate for his future surgery. At the pretrial conference, the Court stated that if Plaintiffs wished to pursue future medical expenses, they should provide an itemized list of future medical expenses within twenty-one days after the pretrial conference or seven days before the physician's deposition, whichever was earlier. The day after the pretrial conference, Plaintiffs' counsel emailed Defendants' counsel and stated that the "ACDF" surgery, which Plaintiffs previously disclosed that Galbraith needed,

would cost "$73,537 ($51,522 for the hospital, $22,015 for the doctor)." Def.'s Mot. in Limine Attach. 1, Email from B. Benton to T. Hensel & T. Buckley (Aug. 8, 2019), ECF No. 62-1. Plaintiffs' counsel further stated that he would provide confirmatory documentation as soon as he received it. *Id.* On the morning of the treating physician's deposition, Plaintiffs' counsel forwarded a letter from the treating physician confirming these numbers, and counsel had an opportunity to question the doctor about the recommended surgery and the costs. Plaintiffs' disclosure was adequate.

Defendants also argue that the doctor's surgical recommendation is speculative. The treating physician testified that based on his prior examination of Galbraith and the imaging he reviewed, Galbraith was a good candidate for anterior cervical decompression and fusion surgery at C3-C4; if Galbraith was still suffering from certain symptoms, then he would have to have surgery; and the physician's opinions on these issues were to a reasonable degree of medical certainty. Dorchak Dep. 37:24-38:23, ECF No. 68. The treating physician further stated that in his experience, the surgery would cost $73,500 ($22,000 surgeon charge, $51,500 hospital charge). *Id.* at 36:19-37:19. This testimony is not speculative, and it is not rendered speculative by the treating physician's additional statement

2

during his deposition that another good option for Galbraith would be a total disc replacement.

Because Plaintiffs adequately disclosed Galbraith's future medical expenses related to the anterior cervical decompression and fusion surgery and because the treating physician's testimony regarding the need for this surgery is not speculative, the Court denies Defendants' motion to exclude this evidence.

IT IS SO ORDERED, this 29th day of October, 2019.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA